UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-659-FDW

| IESHA C. MURPHY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| FNU SCHULLER, | ) | **ORDER** |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.     BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while she was incarcerated, addressing incidents that allegedly occurred at the Anson Correctional Institution.[1] She raises claims of "sexual assault" and "failure to protect." [Doc. 1 at 3]. She names as the sole Defendant in his official and individual capacities FNU Schiller, a correctional officer at Anson CI. [Id. at 1, 5]. For injury, she claims swelling and tenderness to her breast. [Id. at 3]. She appears to seek compensatory and punitive damages. [Id. at 5].

**II.    STANDARD OF REVIEW**

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under

---

[1] The Plaintiff filed the Complaint while she was incarcerated at the North Carolina Correctional Institution for women. She has now been released.

§ 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 3 (referring to "Schuller's co-workers")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the individual(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material

2

fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, the Plaintiff's claims are nullities insofar as they refer to individuals not named as defendants in the caption as required by the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 11 (referring to "c/o Bennitt")]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants, or which refer to non-parties, are therefore dismissed without prejudice.

Plaintiff purports to sue Defendant Schuller, who is a state official, in his individual and official capacities. [Doc. 1 at 5]. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendant for damages in his official capacity does not survive initial review and will be dismissed with prejudice.

The Plaintiff alleges that Defendant Schuller solicited sexual favors from her and touched her sexually on several occasions. [Doc. 1 at 7-12]. The Eighth Amendment prohibits the infliction

3

of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment also protects inmates from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000); Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016) ("There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation."). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Taking the allegations as true for purposes of this initial review and drawing all reasonable inferences in the Plaintiff's favor, her Eighth Amendment claim will be allowed to proceed as against Defendant Schuller. That claim is not clearly frivolous.

The Plaintiff also asserts a claim for failure to protect against "Schuller's co-workers." [Doc. 1 at 3]. The Plaintiff has failed to name a Defendant against whom this claim can proceed as discussed *supra* and, accordingly, this claim is dismissed without prejudice.[2]

## IV. CONCLUSION

In sum, the Complaint passes initial review against Defendant Schuller for sexual abuse under the Eighth Amendment. The Plaintiff's claims for damages against the Defendant in his official capacity are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

---

[2] Even if the Plaintiff had properly named a Defendant, her failure-to-protect claim would be dismissed because it appears to be based on negligence and/or respondeat superior. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (the doctrine of respondeat superior does not apply in actions brought under § 1983); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").

4

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendant Schuller for violating the Eighth Amendment as described in this Order.

2. The claims against the Defendant in his official capacity for damages are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant **FNU Schuller**, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 1, 2024

Frank D. Whitney
United States District Judge