**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cv-659-FDW**

| | | |
|---|---|---|
| **IESHA C. MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DONTAY SCHULER,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Anson Correctional Institution. [Doc. 1]. At the commencement of the action, the Plaintiff was instructed that she must keep the Court apprised of her current address at all times by promptly filing a "Notice of Change of Address" with the Court, and that the failure to do so may result in the case's dismissal for lack of prosecution. [See Standing Order of Instructions]. The Complaint passed initial review on an Eighth Amendment claim. [Doc. 10]. The Defendant waived service and answered the Complaint; the Court entered a Pretrial Order and Case Management Plan. [Docs. 20, 26, 27]. Dispositive motions are due by March 14, 2025. [See Feb. 11, 2025 Text-Only Order].

On January 27, 2025, mail addressed to the Plaintiff at her address of record at the North Carolina Correctional Institution was returned as undeliverable. [Doc. 33]. On January 31, 2025, the Court ordered the Plaintiff, within 14 days, to update her address of record and inform the Court whether she intends to proceed with this action. [Doc. 34]. The Plaintiff was cautioned that, "[i]f Plaintiff fails to do so, this case will be dismissed without prejudice and closed without further

notice." [Id. at 2]. On February 18, 2025, the January 31 mailing was returned as undeliverable. [Doc. 37].

The Plaintiff has not complied with the Court's January 31 Order and the time to do so has expired. The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: February 28, 2025

Frank D. Whitney
Senior United States District Judge